GARZOT et al. v. O'NEILL et al.

(Circuit Court of Appeals, First Circuit. November 14, 1916.)

No. 1181.

1. CANCELLATION OF INSTRUMENTS ⬤➙6—VALIDITY OF CONTRACT.

Petitioner granted a corporation a right of way over two parcels of real estate, in consideration of the corporation's granting petitioner the exclusive right to establish a dry goods store on which the corporation should issue tickets to its workmen for merchandise. Thereafter Act Porto Rico March 12, 1908, forbidding employers to issue such tickets to workmen, was enacted, and as a result workmen ceased to trade at petitioner's store. *Held* that, as the contract when made was not illegal, and as the corporation was prevented from carrying out its part of the agreement only by an act of the Legislature, the contract cannot be rescinded, so as to restore to petitioner his right of way, on the theory that the contract was invalid, but its invalidity did not appear.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 4; Dec. Dig. ⬤➙6.]

2. APPEAL AND ERROR ⬤➙170(2)—REVIEW—QUESTIONS PRESENTED FOR REVIEW.

Difficult questions, while possibly involved in a proceeding to cancel a contract, as to the legality of legislation, cannot be disposed of, when not raised by precise pleadings, and not decided below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1037, 1038; Dec. Dig. ⬤➙170(2).]

Appeal from the District Court of the United States for the District of Porto Rico; P. J. Hamilton, Judge.

Proceeding by Welch & Co. against the Central San Cristobal, Incorporated, in which one Juan R. Garzot and another intervened; the motion for intervention being opposed by Alexander R. O'Neill, receiver, and others. From a decree denying the petition of the interveners, they appeal. Affirmed.

Otto Schoenrich, of New York City (Juan Hernandez Lopez, of San Juan, Porto Rico, on the brief), for appellants.

Joseph W. Murphy, of New York City (Lorenzo D. Armstrong and Carroll G. Walter, both of New York City, on the brief), for appellees.

⬤➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before PUTNAM and DODGE, Circuit Judges, and MORTON, District Judge.

PUTNAM, Circuit Judge. This case arose in the District Court of the United States for the District of Porto Rico, through interventions by Garzot and his wife, in a proceeding relating to the foreclosure instituted in Porto Rico against the Central San Cristobal, Incorporated. The decree of the District Court was against the interveners, who, therefore, properly brought the case here by an appeal, as distinguished by a writ of error.

We find among the papers what appears to be an opinion of the District Court, filed July 22, 1915. It was only a loose paper, and not bound to the record, as we have it; but we have no doubt it is such an opinion. At any rate, we accept it as such. This opinion cites, as applicable to the case, sections 1258, 1260, 1261, and 1262 of the Porto Rico Civil Code.

It then proceeds that it is not clear from the petition whether the point of view is taken that the case is brought particularly under the civil law, or governed by the principles in equity. We accept it as of the latter class, and, although the opinion of the learned judge of the District Court is a forcible one and carefully drawn, we do not agree that the case is governed by the sections of the Civil Code referred to. It is rather a case under the rules of equity, which are somewhat broader than the sections of the Code referred to.

[1] The facts of the case are stated in the above opinion, as follows:

"During the progress of this cause, Juan R. Garzot, on October 5, 1914, filed an intervening petition, asking that a contract between him and the defendant Central of May 9, 1906, be rescinded for failure of consideration. The petition alleged that the petitioner granted defendant a right of way over two certain tracts of real estate in Naguabo, known as 'San Francisco,' consisting of about 406 cuerdas, and 'Fortuna,' containing about 609 cuerdas, for an indeterminate period, in consideration of the Central granting petitioner the exclusive right to establish a dry goods store at the Central, on which the Central should issue tickets to its workmen for merchandise. Petition denies that there is any other consideration. On the hearing it was shown that this contract was executed as alleged, but that failure to carry out the store arrangement was due not to any fault of the Central, but to an act of the Legislature of Porto Rico, dated March 12, 1908, forbidding employers to issue such tickets to workmen. The result was that the workmen ceased to trade at the store and bought their goods elsewhere. The petitioner consequently shut up the store. The Central duly registered the contract in question, and its right of way thereunder is among those contained in the mortgage of July 1, 1910, duly registered, to the United States Mortgage & Trust Company. The Central passed into the hands of the receiver herein August 16, 1913. There were negotiations between the receiver and petitioner relative to this right of way, but the receiver would not cancel the contract because of the importance of the right of way to the operation of the Central. It not only covered the lands through which it ran, but reached other lands, partly those of petitioner, beyond."

The law of rescission, upon which the appellant seems to rely, is quite clearly stated in Adams' Equity (8th Ed.) beginning at page 173, in the following words:

"The jurisdiction for rescission and cancellation arises where a transaction is vitiated by illegality or fraud, or by reason of its having been car-

ried on in ignorance or mistake of facts material to its operation. And it is exercised for a double purpose, first, for cancelling executory contracts, where such contracts are invalid, but their invalidity is not apparent on the instrument itself, so that the defense may be nullified by delaying to sue until the evidence is lost; and, secondly, for setting aside executed conveyances or other impeachable transactions, where it is necessary to replace the parties in statu quo. And in such cases, though pecuniary damages might be in some sense a remedy, yet, if fraud be complained of, there is jurisdiction in the Court of Chancery. The mode of relief under this equity may be by cancellation of the instrument, or reconveyance of the property which has been unduly obtained, or by an injunction against suing at law on a vitiated contract, or against taking other steps to complete an incipient wrong."

This author is authentic and clear, although concise. We find nothing in this statement of the law of rescission and cancellation which applies to the case at bar; neither do we know of any principle that applies it to this case. We need not enlarge on that topic, or explain why we make that statement. Rescission or cancellation arises out of something done by the parties ordinarily, and we find nothing of that kind here, nor in the sections of the Civil Code referred to, which are even narrower as applied to the law of rescission and cancellation in equity.

The essence of the case is that there is nothing within these rules applicable to the case. There was nothing in the relation of the parties as constituted by them, which brought about a termination of the arrangement which they had made; but it is all purely a matter of legislation, which had no origin with the parties. It is true that the legislation was very sweeping, and wiped out the substance of the arrangements which the parties made. It did not lay the basis of either rescission or cancellation. It only left a question whether or not the legislation referred to was within the powers of the authorities of Porto Rico, as represented by its Legislature.

[2] If not, the proposition to be submitted is whether, by the legislation referred to, the arrangement made between the parties stands undisturbed, so that relief would be granted through the usual channels of judicature, or whether the legislation was within the inherent powers of the Legislature, and, if yes, whether there was any remedy under the provision of the law of eminent domain, or otherwise. Also, perhaps the fundamental question is whether the legislation as applied here was an exercise of the police powers as permitted even under the Constitution of the United States, which everybody must obey. These questions have not been submitted to us or raised by the parties, and are too difficult to be disposed of except on precise pleadings, and the proper examination of the law in reference thereto.

Therefore, without investigating the case further, it becomes our duty to affirm the decision of the District Court.

The decree of the District Court is affirmed, and the respondents will recover their costs of this appeal.

MORTON, District Judge. I concur in the result. I understand that no claim is here made by Garzot, except for rescission of the contract, and that the question whether he may be entitled to compensation or damages was not passed upon by the District Court, and is left open.